FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2015 FEB -9  PM 2: 35

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | INFORMATION NO. CR414-310 |
| v. ) | |
| ) | |
| LUQUOISE CLAY ) | |

## PLEA AGREEMENT

The defendant, **LUQUOISE CLAY**, represented by the undersigned counsel, and the United States of America, represented by the undersigned Assistant United States Attorneys, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to the Criminal Information charging her with Conspiracy, in violation of Title 18, United States Code, Section 371.

2. Elements and Factual Basis

The elements necessary to prove the offense charged in the single-count information are:

a. Two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

b. The Defendant knew the unlawful purpose of the plan and willfully joined in it;

c. During the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the Information; and

d. The overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

The Defendant agrees that she is, in fact, guilty of the offense; and that the government could prove each and every element beyond a reasonable doubt. She agrees to the accuracy of the facts outlined in the Information, which satisfy each of the offense's required elements.

At a time between December 2009 and continuing through in or around December 2012, in Chatham, Bibb, Cobb, Clayton, DeKalb, Fulton, Monroe, Troup, within the Southern, Northern and Middle Districts of Georgia, and elsewhere, the defendant, **LUQUOISE CLAY**, being aided and abetted by others known and unknown, did knowingly and willfully combine, conspire, confederate, and agree with each other and with others, to commit offenses against the United States, in violation of Title 18, United States Code, Section 371, that is:

a. to knowingly and willfully devise a scheme and artifice to defraud the WIC program and SNAP of money, and to obtain from the WIC program and SNAP money by means of false and fraudulent pretenses, representations, and promises, and to send or cause to be sent by commercial interstate carrier and U.S. Mail WIC vouchers and other items for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1341; and

b. to knowingly and willfully devise a scheme and artifice to defraud the WIC program and SNAP of money, and to obtain from the WIC program and SNAP money by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343; and

c. To knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate and foreign commerce involving the proceeds of specified

unlawful activity, that is, wire fraud and mail fraud; with the intent to promote said specified unlawful activity; and knowing that the funds represented the proceeds of some form of unlawful activity; in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I); and

d. To knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate and foreign commerce involving the proceeds of specified unlawful activity, that is, wire fraud and mail fraud; knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity; and, knowing that the funds represented the proceeds of some form of unlawful activity; in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

e. To knowingly engage and attempt to engage in monetary transactions exceeding $10,000, which funds were derived from specified unlawful activity, that is, wire fraud and mail fraud; and knowing that the funds represented the proceeds of some form of unlawful activity; in violation of Title 18, United States Code, Section 1957.

3. <u>Possible Sentence</u>

The Defendant's guilty plea will subject her to the following maximum penalties: not more than 5 years imprisonment; not more than a $250,000 fine; not more than a 3 year period of supervised release; a mandatory special assessment of $100; and such restitution as may be ordered by the Court and under this agreement.

4. <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range.  The Court is not bound by any estimate of sentence given

by Defendant's counsel, or the government. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if she receives a more severe sentence than she expects.

5. Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining her sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6. Agreements Regarding Sentencing Guidelines

Acceptance of Responsibility

The Government will not object to a recommendation from the probation officer that the Defendant receive a two-level reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines, and move for the third offense level point reduction based upon the timeliness of her plea, if applicable, provided the defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, has not engaged in criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the defendant is accountable under the United States Sentencing Guidelines.

7. Cooperation

    a. Complete and Truthful Cooperation Required

Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in Indictment No. CR 414-184, charged in the Information referenced herein, and regarding any related offenses to which she has knowledge. Defendant shall fully and truthfully disclose her knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses. If called upon to testify in state or federal court, she must testify truthfully. She must not exaggerate anyone's involvement; nor mitigate anyone's involvement.

This agreement does not require Defendant to "make a case" against any particular person. His benefits under this agreement are conditioned only on her cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

    b.    <u>Motion for Reduction in Sentence Based on Cooperation</u>

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

8.    <u>Waivers</u>

    a.    <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information

5

Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

      b.      <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or her plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea (including this document), and any leads derived therefrom, shall be admissible for any and all purposes.

      c.      <u>Waiver of Indictment</u>

The defendant recognizes that she is charged via Information with a felony offense and that she has the right to have her case presented to a federal grand jury. She freely and voluntarily waives her right to indictment and hereby consents to proceeding via an Information.

9.      <u>Restitution</u>

The Defendant agrees to an order of restitution pursuant to 18 U.S.C. § 3663, 18 U.S.C. § 3663A, or USSG § 5E1.1 encompassing full restitution to any victim described in Indictment 414-184 and this Information.

10.      <u>Dismissal of Other Charge</u>

At sentencing, the Government will move to dismiss the charge against this Defendant in Indictment No. 414-184.

11.      <u>Required Financial Disclosure</u>

Not later than 30 days after the entry of her guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all her assets and

financial interests, whether held directly or indirectly, solely or jointly, in her name or in the name of another. The United States is authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

12.  Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which she will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

13.  Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that her attorney has represented her faithfully, skillfully, and diligently, and she is completely satisfied with the legal advice given and the work performed by her attorney.

14.  Breach of Plea Agreement

If Defendant breaches the plea agreement, withdraws her guilty plea, or attempts to withdraw her guilty plea, the government is released from any agreement herein. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

15.   Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

EDWARD J. TARVER<br>
UNITED STATES ATTORNEY

9-19-14
Date

_____
E. Greg Gilluly, Jr.
Assistant United States Attorney


_____
Date

_____
James D. Durham
First Assistant United States Attorney


I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

8/9/14
Date

_____
LUQUOISE CLAY
Defendant


I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that she fully and completely understands it, and that her decision to enter into this agreement is an informed, intelligent, and voluntary one.

8/4/14
Date

_____
ROBERT HUGHES
Attorney for the Defendant

8

RECEIVED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) INFORMATION NO. |
| v. | ) |
| | ) |
| LUQUOISE CLAY | ) |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 9th day of FEBRUARY, 2015.

_____
HONORABLE WILLIAM T. MOORE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA